**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MOD STACK LLC,**<br><br>Plaintiff,<br>v.<br><br>**STAR2STAR COMMUNICATIONS, LLC,**<br><br>Defendant. | CASE NO. 2:16-cv-1459<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mod Stack LLC files this Complaint for Patent Infringement against Star2Star Communications, LLC, and would respectfully show the Court as follows:

## I. THE PARTIES

1. Plaintiff Mod Stack LLC ("Mod Stack" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 2150 S. Central Expy, McKinney, Texas 7507.

2. On information and belief, Defendant Star2Star Communications, LLC ("Defendant"), is a Delaware corporation with its place of business at 600 Tallevast Road, Suite 202, Sarasota, FL 34243.

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at

least to its substantial business in this forum, including at least a portion of the infringements alleged herein.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its offering for sale and sale of products and/or services within the State of Texas and from this District.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III. COUNT I
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,460,520)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On December 2, 2008, United States Patent No. 7,460,520 ("the '520 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '520 Patent is titled "Apparatus and Method for Using Multiple Call Controllers of Voice-Band Calls." The '520 patent issued from Application No. 10/463,964 filed on June 18, 2003, and is related to Provisional Application No. 60/427,804 filed on November 20, 2002. A true and correct copy of the '520 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Mod Stack is the assignee of all right, title and interest in the '520 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '520 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '520 Patent by Defendant.

11. The invention of the '520 patent is generally directed to systems for supporting multiple central controllers of voice-band calls. In the past, circuit-switched networks were used to carry voice traffic from one subscriber to another, while separate packet-switched networks were used to carry data traffic. Two networks were used because the existing protocols and technology available for packet networks did not provide certain characteristics necessary for voice-band calls, such as low latency and deterministic quality of service. Improvements in packet network protocols and technology which address these deficiencies allow a new kind of packet network, sometimes called a "converged network," to carry both voice and data traffic.

12. The equipment that interfaces a converged packet network with a circuit-switched network is referred to as a "voice gateway." The voice gateway interfaces with one or more call controllers on its trunk side, and with one or more integrated access devices (IADs) on its subscriber side. The IAD provides a link to the packet network and to the voice gateway for multiple subscribers. The call controller directs the voice gateway to make voice connections. In a circuit-switched network, call control is performed by a telephony switch. In a convergence packet-network, call control is performed by a "softswitch." Several different call control protocols are in use by different switches.

13. Migrating from the circuit-switched network to the converged network is an evolutionary process, so that for some period of time many customers will be reachable only through a circuit-switched network. Yet all customers expect the ability to call from one telephone to any other telephone, regardless of what type of network the originating and terminating telephones are located on. Converged networks therefore need to interface with circuit-switched networks as well as other converged networks. In view of this, the inventors of the '520 patent recognized the need for a voice gateway which can support multiple call control protocols and interface with different types of telephony switches and different types of softswitches, simultaneously. The inventors therefore invented the apparatuses and methods disclosed in the claims of the '520 patent.

14. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 27 of the '520 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising making, using, selling, and/or offering for sale an apparatus for connecting a local packet network and a circuit-switched network, including StarBox Cloud Connection Manager ("Accused Instrumentality"). (*See*

http://i.crn.com/custom/Star2Star_System_Architecture_Whitepaper.pdf; http://www.ksbtelesound.com/sw/themes/37561/site_images/S2S%20System%20Architecture%201.2.pdf; http://www.slideshare.net/JoelGreer2/systemarchitecturewhitepaper-64596873?from_action=save).

15. The Accused Instrumentality has a plurality of protocol endpoints (i.e., router or switch-devices to provide an interface with the local packet network or with the PSTN network), each protocol endpoint is configured to receive external call control messages of an external protocol associated with the protocol endpoint (i.e., different protocols correspond to its respective network) and to map the external call control messages to corresponding internal call control messages of an internal protocol for routing to another of the plurality of protocol endpoints (i.e., incoming calls are directed to customer's StarBox for delivery). (*See* http://www.ksbtelesound.com/sw/themes/37561/site_images/S2S%20System%20Architecture%201.2.pdf; http://i.crn.com/custom/Star2Star_System_Architecture_Whitepaper.pdf).

16. The Accused Instrumentality has each endpoint further configured to receive routed internal call control messages of the internal protocol and to map the routed internal call control messages to corresponding external call control messages of the external protocol associated with the protocol endpoint. (*See id.*).

17. The Accused Instrumentality has at least one of the plurality of protocol endpoints (i.e., router or switch-devices to provide an interface with the local packet network or with the PSTN network as shown in figure) that is configured to receive the external call control messages from a first call controller associated with the circuit-switched network (i.e., PSTN network). (*See* http://www.ksbtelesound.com/sw/themes/37561/site_images/S2S%20System%20Architecture%

201.2.pdf; http://www.slideshare.net/JoelGreer2/systemarchitecturewhitepaper-64596873?from_action=save).

18. The Accused Instrumentality has at least a second of the plurality of protocol endpoints (i.e., router or switch-devices to provide an interface with the local packet network or with the PSTN network) that is configured to receive the external call control messages from an integrated access device (IAD) (i.e., Ethernet connection) associated with the LPN (i.e., LAN. (*See id.*; http://i.crn.com/custom/Star2Star_System_Architecture_Whitepaper.pdf).

19. The Accused Instrumentality has a protocol adapter configured to route the internal call control messages from the mapping protocol endpoint to the another protocol endpoint. For example, internal call control messages are routed through a protocol adapter to the appropriate end points (i.e., call routing feature). (*See id.*).

20. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '520 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. On information and belief, Defendant will continue its infringement of one or more claims of the '520 patent unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

22. On information and belief, Defendant has had at least constructive notice of the '520 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 7,460,520 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 7,460,520; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 27, 2016

Respectfully submitted,

*/s/ David R. Bennett*

By: David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF**
**MOD STACK LLC**